THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY B. SMITH v. THE COMMISSIONERS OF PUBLIC CHARITIES, Etc., Respondents.

*Disorderly persons — chap. 508 of 1860 — Court of Special Sessions — review of sentence upon certiorari — Wife — when competent witness against husband.*

Under section 4 of chapter 508 of 1860, providing that after the conviction of any person by a magistrate as a disorderly person, "any appeal from or amendment to said order shall be exclusively for the action of the Court of Special Sessions," the Supreme Court is not precluded from reviewing the decision of the Court of Special Sessions upon a common-law certiorari.

Where a complaint is made by the commissioners of charities and correction, on the ground that a person has abandoned and neglects to provide for his wife, such complaint need not be upon their own oath; it is sufficient if they make a complaint sustained by the oath and evidence of other persons.

Under section 3 of said act, providing that where proceedings are instituted thereunder to have one declared a disorderly person, "any member of the defendant's family, of otherwise legal qualifications, shall be a competent witness to be examined," the wife of the defendant may be examined on the part of the complainant.

Writ of certiorari to the court of Special Sessions of the Peace of the city of New York, to review the conviction of the relator as a disorderly person.

*J. H. Whitelegge*, for the relator.

*W. A. Boyd*, for the respondents.

Davis, P. J.:

This is a certiorari to the Court of Special Sessions to bring up for review the order of said court, affirming the order of one of the police justices, adjudging the relator to be a disorderly person, and

requiring him to pay to the commissioners of public charities the sum of two dollars per week for the support of his wife.

The question is made by the respondent that the determination of the Court of Special Sessions is final and conclusive, and cannot be reviewed by a common-law certiorari, or in any other form. This point is made upon the language of the statute under which these proceedings were had; which is, that " any appeal from or amendment to said order shall be exclusively for the action of the Court of Special Sessions aforesaid." (§ 4, chap. 508 of the Laws of 1860, p. 1008.) This language is not broad enough to preclude this court from reviewing the decision of the Court of Special Sessions, and it is not to be extended for that purpose by construction. It does not declare that the decision of the Court of Special Sessions shall be final and conclusive, but provides that the appeal from, or amendment of the order of the police justice shall be exclusively for the action of that court; which merely, in legal effect, declares that an appeal from the primary order shall only be taken to the Court of Special Sessions. In the case of *The People* v. *Sanders* (10 S. C. [3 Hun], 16), it was held that the writ of certiorari was a proper proceeding to review the decision of the Court of Special Sessions in cases like this.

On the trial in the Court of Special Sessions, the proceedings before the police justice upon which his warrant was issued, and all the evidence taken before him, were submitted by consent of both parties, subject to such legal objections as had been taken before the police justice. The court affirmed the order, and we are now simply to review such jurisdictional questions as were raised, and to so far examine the evidence as to determine whether there was any competent proof of facts to justify the adjudication made; and whether, in making it, any rule of law affecting the rights of the parties has been violated. (*People* v. *Smith*, 45 N. Y., 776; *People* v. *Sanders*, 10 S. C. [3 Hun], *supra*.)

There are two affidavits on which the police justice issued his warrant, one purporting to be made by the relator's wife, and the other by one Margaret Heald. Both of these affidavits state in very direct terms that the relator had threatened to abandon, and had abandoned, his wife, without adequate support, and left her in danger of becoming a burden upon the public, and had neglected

to provide for his family according to his means. We think these affidavits were sufficient to justify the issuing of the warrant. It is not necessary that the commissioners of charities and correction shall make the complaint on their own oath. It is sufficient that they make a complaint sustained by the oath and evidence of others, as was done in this case. On the hearing, the wife of the relator was called as a witness on the part of the respondents ; she was objected to, but the justice overruled the objection and she was examined. The principal question discussed here is as to her competency, as without her testimony it is apparent that no case justifying a conviction was made out. We think, in such a case, the wife is a competent witness in behalf of complainants. The third section of the statute above referred to (chap. 508 of the Laws of 1860, 1008), declares that " all provisions of law in relation to disorderly persons in the city of New York shall apply to any person so offending ; and any member of defendant's family, of otherwise legal qualifications, shall be a competent witness to be examined. In case the defendant shall offer himself to be examined, he shall be examined like any other witness."

It is contended that the words " any member of the defendant's family of otherwise legal qualifications shall be a competent witness to be examined," excludes the wife, because of her coverture. But we think the intention of the legislature was to permit, by this language, the wife to become a witness on behalf of the complainants. Without that construction the provision is substantially insensible. All other members of the family would be competent, as a matter of course, if of suitable age and of sound mind, and under no legal disability ; and the legislature intended by this provision to put the wife on the same footing as a witness, provided she possessed all the legal qualifications other than those growing out of her relation to the family by marriage to the defendant. This construction is in accordance with the general spirit of the common law, which has always permitted the wife to be a competent witness against the husband, in cases of breaches of the public peace committed against herself. She did not appear to be under any legal disqualification, except that which arose from her coverture with the relator, and that the statute removes for the purposes of such an investigation.

The testimony did tend to establish a case against the relator, and that is sufficient in a proceeding like this, inasmuch as we do not sit for the purpose of considering the weight of evidence. (*People* v. *Board of Police*, 39 N. Y., 512; *People* v. *Sanders*, *supra*.) The writ should therefore be quashed, and the proceedings below affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Writ quashed and proceedings affirmed, with costs.